FILED
SUPERIOR COURT
OF GUAM

2018 APR -4 AM 10: 10

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Criminal Case No. CM0306-17 |
| Plaintiff, | ) |
| vs. | ) **DECISION AND ORDER** |
| VALVANO ALEXANDER ERWIN, | ) |
| Defendant | ) |

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Valvano Alexander Erwin's Motion for Acquittal or in the alternative for a New Trial was taken under advisement on February 22, 2018. The People are represented by Assistant Attorney General Monica Jo Q. Aguon. Defendant is represented by Assistant Public Defender William C. Bischoff. Having reviewed the memoranda and papers presented, the record, and applicable law, the Court issues the following Decision and Order denying Defendant's motion.

## ISSUES

1. Whether the wording of the Amended Complaint required the People to prove that Defendant observed victim "in a stage of undress" as an essential element of the offense.

2. If required, whether sufficient evidence was presented to meet the element that Defendant observed victim "in a stage of undress" as an essential element of the offense.

# FACTS

1. On May 23, 2017, the Office of the Attorney General filed a Complaint against Defendant wherein the People charged Defendant with one count of Invasion of Privacy (as a Misdemeanor) and one count of Harassment (as a Petty Misdemeanor).

2. 9 GCA § 70.35(a)(6) provides that a defendant is guilty of invasion of privacy when he or she:

> installs or uses, or both, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, any means or device for observing, recording, amplifying, or broadcasting sounds or events in that place, *including another person in a stage of undress or sexual activity* (emphasis added).

3. The Amended Complaint contains the following language:

> On or about April 19, 2017, in Guam, **VALVANO ALEXANDER ERWIN**, did commit the offense of ***Invasion of Privacy***, in that, not being authorized by law, he intentionally or knowingly installed or used, or both, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, namely, ***G.A.M. (DOB: 07/08/1992)***, any means or device for observing, recording, amplifying, or broadcasting sounds or events in that place, including another person, namely, ***G.A.M (DOB: 07/08/1992)*** in a stage of undress or sexual activity, in violation of 9 GCA § 70.35(a)(6). (emphasis in original).

4. The Jury Instructions contained the following instruction:

> A person is guilty of invasion of privacy if, except in the execution of a public duty or as authorized by law, the person intentionally or knowingly uses, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, any means or device for observing or recording, sounds or events in that place, *including another person in a stage of undress or sexual activity* (emphasis added).

5. The jury trial in this matter lasted three days, commencing with jury selection on December 18, 2017, and concluding with closing arguments and jury instructions on December 20, 2017.

6. In support of its charges, the People introduced evidence that Defendant used a cellphone to record a video of the victim while she was in a stall in a female restroom.

7. On December 20, 2017, a jury of six found Defendant guilty of the offense of Invasion of Privacy as a Misdemeanor.

## PRINCIPLES OF LAW

### I. Surplusage in a charging document.

Courts have considered the issue of unnecessary language being added to charging documents. This language is known as surplusage. "Unnecessary surplusage in a charging document is descriptive material or allegations that are not essential to a charge and that may be entirely omitted without affecting the sufficiency of the charge." Daniels v. State, 957 N.E.2d 1025, 1028 (Ind.Ct.App.2011). In holding that surplusage did not necessarily need to be proven to maintain a guilty verdict, the Supreme Court of Indiana held the following:

> While this is an essential difference between the proof and pleading, we find that the specific facts alleged were surplusage and as such could have been "entirely omitted without affecting the sufficiency of the charge against the defendant." Mitchem v. State, 685 N.E.2d 671, 676 (Ind.1997). When the factual allegations in the charge are not necessary to the sufficiency of the charge, a greater variance between the allegations and the proof is tolerated before finding the variance material or fatal. Allen, 720 N.E.2d at 713. To award relief on the basis of a variance between allegations in the charge and the evidence at trial, the variance must be such as to either have misled the defendant in the preparation and maintenance of his defense with resulting harm or prejudice or leave the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event, facts, and evidence. Mitchem, 685 N.E.2d at 677; Harrison v. State, 507 N.E.2d 565, 566 (Ind.1987).

Winn v. State, 748 N.E.2d 352, 356 (Ind. 2001).

### II. Acquittal

Chapter 100 of Title 8 of the Guam Code regulates the entry of a judgment of acquittal. 8 GCA §§ 100.10 et. seq. (2014). Section 100.10 of the same Title mandates the entry of a judgment of acquittal when the evidence is insufficient to sustain a conviction. Id. at § 100.10. The Guam Supreme Court explained that when reviewing a motion for acquittal, "the trial court is concerned with the existence or nonexistence of evidence, not its weight, and this standard remains constant even when the People rely exclusively on circumstantial evidence." People v. Mendiola, 2014 Guam 17 ¶ 14-15 (citations omitted). It further held that "the reviewing court must determine if any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt. . . [u]pon review, the evidence shall be viewed in a light most favorable to the prosecution." Id.

### III. New Trial

Section 110.30 of Title 8 of the Guam Code generally requires that motions for new trial be made within seven days of a verdict and reviewed under an interest of justice standard. 8 GCA § 110.30 (2014). The Guam Supreme Court explained the appropriate standard of review for trial courts to apply in determining a motion for a new trial. "[A] trial judge has significant discretion --- broader than the discretion enjoyed on motions for acquittal---. . . and may weigh the evidence and evaluate for itself the credibility of the witnesses without being required to view the evidence in the light most favorable to the verdict." People v. Messier, 2014 Guam 34 ¶ 11 (citations omitted). It further held that "[i]n exercising this broad (yet rare) discretion, the trial court may only grant a new trial if it concludes that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." Id.

## ANALYSIS

### I. Differences in language between the statute, Amended Complaint, and the Jury Instructions.

Defendant's motion for acquittal or in the alternative for a new trial both rely on Defendant's argument that the Jury Instructions used language that did not correctly track the language of the criminal statute. The crux of the argument relates to the phrase "in a stage of undress or sexual activity" and whether this phrase is 1) an illustrative example or 2) an element of the crime which must be proven.

9 GCA § 70.35(a)(6) provides that someone is guilty of invasion of privacy when he or she:

> installs or uses, or both, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, any means or device for observing, recording, amplifying, or broadcasting sounds or events in that place, *including another person in a stage of undress or sexual activity* (emphasis added).

In subsection (b) of § 70.35, the third degree felony section of the statute, the phrase "another person in a stage of undress or sexual activity" is *not* preceded by the word "including." 9 GCA § 70.35(b).[1] This suggests that the phrase "including another person in a stage of undress or sexual activity" is included in subsection (a)(6) both as an illustrative example and also to indicate that the conduct is an offense under this statute even when the victim is not in a stage of undress or sexual activity (as opposed to this conduct being an offense only punishable under other sections of the code).

The Amended Complaint contains the following language, which suggests that the victim being in a stage of undress or sexual activity is an element of the crime being charged:

> On or about April 19, 2017, in Guam, **VALVANO ALEXANDER ERWIN**, did commit the offense of ***Invasion of Privacy***, in that, not being authorized by law, he intentionally or knowingly installed or used, or both, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, namely, ***G.A.M. (DOB: 07/08/1992)***, any means or device for observing, recording, amplifying, or broadcasting sounds or events in that place, including another person, namely, ***G.A.M (DOB: 07/08/1992)*** in a stage of undress or sexual activity, in violation of 9 GCA § 70.35(a)(6). (emphasis in original).

The People argue that this language did not create a strict requirement that the victim be in a stage of undress or sexual activity. The Court disagrees, finding that the language suggests that the victim was in a stage of undress or sexual activity and that this was a necessary element of the offense.

The Jury Instructions, however, restate the language of the statute and do not refer to the language of the Amended Complaint:

> A person is guilty of invasion of privacy if, except in the execution of a public duty or as authorized by law, the person intentionally or knowingly uses, in any private place or in a place where an individual has a reasonable expectation of privacy, without consent of the person or persons entitled to privacy therein, any means or device for observing or recording, sounds or events in that place, *including another person in a stage of undress or sexual activity* (emphasis added).

Defendant argues that the statute uses "in a stage of undress or sexual activity" as an illustrative example of a circumstance which may or may not accompany the offense, while the

---

[1] The Court notes that this is not the only difference between the two statutes, as subsection (b) also contains different elements regarding motive.

Amended Complaint uses the same phrase to describe an additional element of the offense which must be proven by the People. If this is the case, then the misinterpretation of the statute actually favored the Defendant, as the People were forced to prove an additional element.

Defendant now argues that he was charged with one crime (recording another person in a stage of undress or sexual activity) but convicted by a jury of a different crime (recording another person where such individual has a reasonable expectation of privacy, regardless of the victim's conduct at the time of surveillance).

**II.     The phrase "in a stage of undress or sexual activity" was included in the Amended Complaint as surplusage and therefore did not need to be proven.**

The placement of the phrase "in a stage of undress or sexual activity" in the Amended Complaint suggests that it is an element that must be proved by the People.   However, this language was unnecessary for a conviction under 9 GCA § 70.35(a)(6) and is therefore surplusage that does not need to be proven by the People.

**III.     The evidence presented was sufficient to meet the *mens rea* requirement of the offense.**

Defendant argues that the flawed charge distracted from the main issue, which is whether Defendant used his device for observing the victim in a private place only for the purpose of knowing when she left that private place so that Defendant could leave without embarrassing himself, the victim, or anyone else. This argument fails because the motive for Defendant's action is not an element of the offense, and is therefore not relevant. The statute, Amended Complaint, and Jury Instructions all state that an offender is guilty of this offense if he or she acts "intentionally or knowingly." Further, motivations are not relevant.

**IV.     The People met the additional element.**

In support of his request, Defendant asserts that insufficient evidence was presented to meet the incorrectly charged element that Defendant observed the victim "in a stage of undress or sexual activity." It is undisputed that Defendant used his device for observing the victim's lower left leg. Defendant argues that this action did not constitute an observation of the victim

"in a stage of undress or sexual activity," as Defendant only observed an area of the victim which would be in plain view under normal circumstances.

Defendant used his device to observe the victim while her pants were pulled down. While his vantage point may not have allowed him to view any part of the victim not readily observable while she was fully clothed, this action still meets the statutory definition of observing the victim in a stage of undress.

## V. Motion to Acquit

Even with the additional element requiring that the victim have been "in the stage of undress or sexual activity," the Court finds that the jury was presented with sufficient evidence to sustain a conviction for invasion of privacy. The Defendant has not met the onerous burden required for the Court to grant a motion of acquittal.

## VI. Motion for a New Trial

This Court has significant discretion is deciding a motion for a new trial. The Court does not find that there has been a "serious miscarriage of justice" in the present case. The Defendant has not demonstrated that his defense was impaired, that any evidence presented at trial took him by surprise, or that he now has concerns about double jeopardy.

## CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion for Acquittal or in the Alternative for a New Trial is DENIED.

SO ORDERED, this ___4th___ day of ___April___ 2018.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box.

Date: 4/4/18  Time: 10:15am

Deputy Clerk, Superior Court of Guam